IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREW COLLINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-887-B |
| | § | |
| PAUL BAUER, et al., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the order dated July 5, 2011, before the Court for determination is *Defendants' Joint Motion for Protective Order to Stay Discovery, and Brief* (doc. 31), filed June 30, 2011. Based on the relevant filings and applicable law, the joint motion for protective order to stay discovery is **GRANTED**, in part, and **DENIED**, in part.

**I. BACKGROUND**

Plaintiff Andrew Collins sues former Dallas police officers Paul Bauer, Henry Deutsche, and Kevin Randolph (collectively "Defendants") in their individual capacities, for allegedly violating his constitutional rights under 42 U.S.C. § 1983, and committing assault and battery under state law. Defendants have asserted qualified immunity as a defense, and have filed motions to dismiss, for judgment on the pleadings, and for a Rule 7 reply, all of which remain pending. They have also filed a motion to stay discovery and disclosure in this case pursuant to Fed. R. Civ. P. 26(c).

**II. ANALYSIS**

Defendants argue that the doctrine of qualified immunity protects government officials not only from liability, but also from the rigors of litigation such as the disruption from broad-reaching discovery. They also argue that allowing discovery to proceed in this case would infringe on their

Fifth Amendment privilege against self-incrimination in ongoing criminal cases against them based on the same events giving rise to this civil litigation. They contend that discovery should be stayed pending resolution of either the qualified immunity issue or the criminal matters against them. Plaintiff responds that he is entitled to limited discovery on the issue of qualified immunity regardless of the pending criminal cases against Defendants.

**A. Qualified Immunity**

"Public officials acting within the scope of their official duties are shielded from civil liability by the qualified immunity doctrine." *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 1999). "[S]ubjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from governmental disruption which official immunity is purposed to afford." *Elliott v. Perez*, 751 F.2d 1472, 1478 (5th Cir. 1985). Thus, "allowing any but perhaps the most preliminary proceedings on the immunity-barred claim runs squarely counter to the doctrine's basic protective purpose: that officials be free to exercise their duties and functions without fear of having their attentions distracted by the subsequent claims of unhappy or unsuccessful litigants." *Id.*

"[Q]ualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987); *see also Wicks v. Miss. State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995). Limited discovery, for instance, may be allowed on the issue of qualified immunity. A court must make two inquiries in determining whether to allow limited discovery on the issue of qualified immunity. First, it must determine whether "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks*, 41 F.3d at 995. If the plaintiff's

2

pleadings fail to meet this heightened pleading standard, the court should dismiss the case "before any discovery is allowed." *Id.* If, however, the plaintiff's pleadings do meet this standard, the court must then determine "whether the immunity defense sufficiently turn[s] on a factual issue requiring discovery." *Id.* at 997. If the defendants' immunity defense does in fact turn on a factual issue requiring discovery, the court "may then proceed . . . to allow the discovery necessary to clarify those facts upon which the immunity defense turns." *Id.* at 995.

In this case, Defendants have challenged the adequacy of the plaintiff's pleadings through their motions. Discovery limited to the qualified immunity issue should therefore only take place if the court finds both that Plaintiff's pleadings have met the heightened pleadings standard and that Defendants' qualified immunity defense turns on a factual issue requiring discovery. Because Defendants' motions remain pending, the court has not yet had an opportunity to determine if it is "unable to rule on the immunity defense without further clarification of the facts" and how a discovery order can "be narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Lion Buolos*, 834 F.2d at 507-08. The decision whether to allow discovery must therefore await assessment of whether Plaintiff's complaint is sufficient to overcome the assertion of qualified immunity or is otherwise adequate to warrant his obtaining limited discovery. *See Rhodes v. Prince*, 2006 WL 954023, at *1 (N.D. Tex. Apr. 11, 2006) (Fitzwater J.) (citing *Wicks*, 41 F.3d at 994) (ruling that the decision whether to allow discovery must await the magistrate judge's assessment of whether plaintiff's rule 7(a) reply was sufficient to overcome defendants' claims of qualified immunity or is otherwise adequate to warrant his obtaining limited discovery because even limited discovery "must not proceed until the district court *first* finds that plaintiffs' pleadings assert facts which, if true would overcome the defense of qualified immunity") (emphasis

3

in original). A stay of discovery is therefore appropriate pending determination of the motions to dismiss, for judgment on the pleadings, or for a Rule 7 reply. If the motions are denied, Plaintiff may then seek discovery limited to the issue of qualified immunity.

**B. Fifth Amendment Privilege**

In deciding whether to stay discovery in light of a party's Fifth Amendment privilege, a court must balance the interests of the party asserting the privilege against any prejudice resulting to the other parties. *See Wehling v. Columbia Broadcasting Sys.*, 608 F.2d 1084, 1089 (5th Cir. 1980). To achieve that balance, the court considers the following factors: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." *Librado v. M.S. Carriers, Inc.*, 2002 WL 31495988, at *1 (N.D. Tex. Nov. 05, 2002); *see also Heller Healthcare Finance, Inc. v. Boyes*, 2002 WL 1558337, at *2-3 (N.D. Tex. July 15, 2002). If these factors show that discovery implicates the party's privilege, a court may stay discovery. *See Librado*, 2002 WL 31495988, at *3 (staying discovery from employee and any discovery causing "undue prejudice" to employer by reason of employee's unavailability as witness or assistant in defense); *see also Heller*, 2002 WL 1558337, at *4 (staying one defendant's redeposition until acquitted or found guilty in concurrent criminal proceedings).

**1. Overlap of Criminal and Civil Issues**

The most important factor is the degree to which the civil issues overlap with the criminal issues. *See Volmar Distribs., Inc. v. The New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993),

*cited in Librado*, 2002 WL 31495988, at *2. "If there is no overlap, there would be no danger of self-incrimination and accordingly no need for a stay." *Librado*, 2002 WL 31495988, at *2. The criminal and civil lawsuits here arise from the same incident and involve similar, if not precisely the same, issues. This overlap of issues between the civil and criminal actions weighs in favor of a stay. *See id.*

### 2. Status of Criminal Case

"The second factor to be considered is the status of the criminal case." *Librado*, 2002 WL 31495988, at *2. "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Id.* Here, Defendants are under indictment rather than merely under investigation. Therefore, the status of the criminal case weighs in favor of a stay. *Id.*

### 3. Private Interests of and Prejudice Against Plaintiff

Under the third factor, Plaintiff's interests in proceeding expeditiously should be weighed against any prejudice that will be caused by the delay resulting from the stay. *Librado*, 2002 WL 31495988, at *2. Plaintiff claims that he will be prejudiced by the stay because he will not be able to obtain discovery from any of the defendants. *See Frierson v. City of Terrell*, 2003 WL 21355969, at *10-11 (N.D. Tex. 2003) (holding that the third factor did not necessarily weigh against granting the stay because the plaintiff's prejudice was mitigated by her ability to obtain discovery from another defendant). The resulting delay, he argues, could lead to the loss of evidence and frustrate his ability to put on an effective case because with the passage of time, witnesses become

unavailable, memories of conversations and dates fade, and documents can be lost or destroyed. He also argues that some of the discovery he will seek from Defendants in the future may be non-privileged and therefore discoverable. Given these arguments and the fact that Defendants have requested a prolonged blanket stay at this early stage of litigation, the third favor weighs against granting such a stay at this juncture.

**4. Private Interests of and Burden on the Defendants**

The fourth factor considers the private interest of the defendants in securing the stay and the burden that would result if the stay were denied. *See Librado*, 2002 WL 31495988, at *3. Here, no substantial prejudice to Defendants is discernable from denying a prolonged stay at this time. While Defendants may face a conflict between asserting their Fifth Amendment privilege and fulfilling their legal obligations in civil discovery in the future, there is no current conflict because of the stay pending determination of the sufficiency of Plaintiff's complaint. Because there is no prejudice to Defendants, the fourth factor weighs against granting a prolonged stay at this time.

**5. Interests of the Court**

As to the fifth factor, the court has an interest in moving matters expeditiously through the judicial system. The court's interests therefore weighs in favor of denying a prolonged stay at this state of litigation.

**6. The Public's Interest**

Regarding the sixth factor, the public has an interest in the just and constitutional resolution of disputes with minimal delay. *Librado*, 2002 WL 31495988, at *2. While the prompt resolution of this case in light of Defendants' privilege is important, it is equally important to consider Plaintiff's right to non-privileged discoverable information. Without a showing that a prolonged

blanket stay on discovery is warranted at this time, the public's interest will not be best served by granting such a stay.

Based on a consideration of all the factors, it is unnecessary to stay all discovery from Defendants pending resolution of the criminal matters at this particular stage of litigation.

### III.  CONCLUSION

The joint motion for protective order to stay discovery is **GRANTED**, in part, and **DENIED**, in part.  Discovery is stayed pending determination of the motions to dismiss, for judgment on the pleadings, and for a Rule 7 reply.  If the motions are denied, Plaintiff may then seek discovery limited to the issue of qualified immunity and Defendants may assert their Fifth Amendment privilege to avoid discovery at that time.

**SO ORDERED** on this 31st day of August, 2011.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7